William L. Gavras, Esq.
LAW OFFICES OF GORMAN & GAVRAS
A Professional Corporation
2nd Floor, J&R Building
208 Route 4
Hagåtña, Guam 96910
Telephone: 472-2302
Facsimile: 472-2342

Attorneys for Plaintiff
Josephine M. Griffith

FILED
DISTRICT COURT OF GUAM

SEP - 6 2006

MARY L.M. MORAN
CLERK OF COURT

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| JOSEPHINE M. GRIFFITH,<br>WENDY LYNN KAILEY,<br>SPRING MARIE RUPP,<br>LISA JEAN GRIFFITH,<br>SERENE MAGLONA,<br>KELLY J. GRIFFITH,<br>FRANCINE A. PAULINO,<br>THEA ROSE FLORES, and<br>LARRISHA L.M. MANGLONA,<br><br>        Plaintiffs,<br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>        Defendant. | COMPLAINT FOR<br>WRONGFUL DEATH/<br>MEDICAL MALPRACTICE/<br>LOSS OF CHANCE OF SURVIVAL<br><br>CIVIL CASE NO. 06-00023 |

COME NOW Plaintiffs, by and through their undersigned counsel and state as follows:

## GENERAL ALLEGATIONS

1.   This action arises under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-80, as more fully appears. Pursuant to law the claim set forth herein was presented to the Department of the Navy within two years of this cause of action arising. The Department of the Navy denied the claim within the last five months.

2. Plaintiff Josephine Griffith is a resident of the State of Utah and at all times herein mentioned was the wife or widow of Ronald Griffith.

3. At all times herein mentioned the relationship of the following Plaintiff's to the deceased Ronald Griffith is as follows:

Wendy Lynn Kailey - daughter

Spring Marie Rupp - daughter

Lisa Jean Griffith - daughter

Kelly J. Griffith - daughter

Larrisha L. M. Manglona – daughter

Francine A. Paulino – ward (minor at time of Ronal Griffith passed)

Thea Rose Flores - ward, minor

Serene Maglona - ward/foster daughter (minor at time Ronald Griffith passed)

## MEDICAL MALPRACTICE/WRONGFUL DEATH/LOSS OF CHANCE OF SURVIVAL

4. On or about July 1, 2002, Ronald Griffith, underwent a colonoscopy performed at the United States Navy Hospital in Guam, a territory of the United States of America and performed by United States of America military personnel and/or employees acting within the scope of their employment and/or duties with the United States. United States military personnel and/or employees were also responsible for the safety and well-being of Ronald Griffith prior to, during and subsequent to the procedure being performed. Accordingly, the Defendant is vicariously liable for the acts and omission of the persons referred to herein.

5. The physicians and medical personnel and employees of the Defendant performing the colonoscopy and/or responsible for the safety and well-being of Ronald Griffith failed to exercise reasonable care and/or committed acts and/or omissions which constituted a failure to utilize that degree of skill and learning ordinarily possessed and used by other members of their profession in good standing engaged in the same type of practice or specialty in Guam and/or the United States. That failure of care and/or those acts and omissions include but are not limited to the following:

a. failing to cause Mr. Griffith to undergo a cardio clearance before the procedure;

b. failing to inform Mr. Griffith of the increased chance of death as a result of the procedure because of his prior medical history, of which Defendant knew or had reason to know of;

c. causing Mr. Griffith to undergo the procedure without sophisticated interventions being available (e.g. the availability of a cardiovascular surgeon) which are not and were not available in Guam.

d. failing to warn Mr. Griffith of his increased chance of death as a result of his prior medical history and the lack of sophisticated interventions being available in Guam.

e. failing to properly medically supervise Mr. Griffith during and/or after the procedure;

f.  failing to properly respond to complaints of chest pain and other symptoms of heart attack which occurred soon after the procedure and while Mr. Griffith was still at the Naval Hospital.

6.  As a direct and proximate result of the acts and omissions stated above generally and specifically, Mr. Griffith:

a.  died;

b.  was unable to give his informed consent to the procedure and thus was proximately and negligently subjected to a battery on his person;

c.  was subjected to an increase in chance, substantial increase in chance, and/or greater than a fifty percent increase in chance of death as a result of the procedure.

7.  As a direct and proximate result of the malpractice which occurred above Plaintiffs have been deprived of the love, consortium, affection, services, support, society and comfort of Ronald Griffith.

8.  As a further direct and proximate result of the negligence of Defendant, Plaintiffs were and are forced to suffer and endure past and future emotional and mental harm, pecuniary losses, loss of comfort, love and affection, hedonic damages, loss of enjoyment of life, society and protection, loss of consortium, and funeral expenses.

## PRAYER

WHEREFORE, Plaintiffs pray for relief against the Defendant as follows:

1. For General and Special Damages in the amount of $1,000,000.00 to each Plaintiff;

2. For costs of suit, and pre-judgment interest according to law;

3. For such other and further relief as the Court deems just and proper.

LAW OFFICES OF GORMAN & GAVRAS

Date: August 24, 2006    By: _____
WILLIAM L. GAVRAS, ESQ.
Attorneys for Plaintiffs