ORIGINAL

LEONARDO M. RAPADAS
United States Attorney
MIKEL W. SCHWAB
Assistant U.S. Attorney
Sirena Plaza, Suite 500
108 Hernan Cortez Avenue
Hagatna, Guam 96910
Tel: (671) 472-7332
Fax: (671) 472-7215

Attorney for United States of America

FILED
DISTRICT COURT OF GUAM
DEC 1 1 2006
MARY L.M. MORAN
CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT

IN THE DISTRICT OF GUAM

| | |
|---|---|
| JOSEPHINE M. GRIFFITH, ET AL. ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Defendant. ) <br> _____ ) | CIVIL CASE NO. 06-00023 <br><br> ANSWER OF THE UNITED STATES |

Defendant, United States of America, by and through its counsel, Leonardo M. Rapadas, United States Attorney for the Districts of Guam and the NMI, and Mikel W. Schwab, Assistant United States Attorney for said Districts, answers Plaintiff's Complaint in like numbered paragraphs as follows:

1. The allegation is a legal conclusion and requires no response. To the extent a response is required, DENIES.

2. The facts are exclusively in the possession of the Plaintiff, therefor DENIES.

3. The facts are exclusively in the possession of the Plaintiff, therefor DENIES.

4. Admits to colonoscopy performed on July 1, 2002. DENIES liability.

5. DENIES.

6. DENIES.

7. DENIES.

8. DENIES.

# AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

The United States DENIES any of its agents or employees were negligent and/or breached any standard of care due the Plaintiff and/or engaged in any conduct which was the proximate cause of the injuries, damages and losses allegedly incurred by Plaintiff.

## SECOND AFFIRMATIVE DEFENSE

pursuant to 28 U.S.C. § 2674, Plaintiff is proscribed from recovering any amount for prejudgment interest against the United States of America.

## THIRD AFFIRMATIVE DEFENSE

Under 28 U.S.C.§ 2412(D)(1)(a), Plaintiff cannot recover attorney's fees from the United States of America.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs claim is diminished or completely barred by Guam law regarding comparative/contributory negligence.

## FIFTH AFFIRMATIVE DEFENSE

If Plaintiff suffered injuries as alleged in Plaintiff's Complaint, such injuries were caused wholly or in part by Plaintiff's own negligence. Plaintiff was the proximate cause of the deceased's injuries.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff voluntarily assumed the risk of injury.

## SEVENTH AFFIRMATIVE DEFENSE

The deceased's injuries occurred as a result of Plaintiff's failure to exercise Due Care.

## EIGHT AFFIRMATIVE DEFENSE

Defendant reserves the right to amend its Answer with additional defenses of which it may become aware as discovery progresses and to raise any other matter constituting an avoidance or affirmative defense.

WHEREFORE, having fully answered all counts of the Complaint, Defendant prays that Plaintiff takes nothing by way of her Complaint against it, that the same be dismissed, and that judgment be awarded in favor of Defendant, together with costs and such other and further relief as the Court deems appropriate in this case.

DATED this 11th day of December, 2006.

LEONARD M. RAPADAS
United States Attorney
Districts of Guam and NMI

BY: _____
MIKEL W. SCHWAB
Assistant U.S. Attorney